IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 17, 2005 Session

## ARLEN WHISENANT v. BILL HEARD CHEVROLET, INC.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-03-0589-2     The Honorable Arnold Goldin, Chancellor**

---

**No. W2004-01745-COA-R3-CV - Filed July 12, 2005**

---

Appellee brought suit against Appellant, a car dealership, after experiencing problems with purchased vehicle. Among other things, Appellee alleged fraud in the inducement. Appellant sought to enforce arbitration agreement in the contract for sale. The trial court ruled that, under Tennessee law, claims of fraud in the inducement are not arbitrable. Appellant appeals the trial court's judgment. Finding no error, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R FARMER, J., joined.

Charles A. Sevier and James E. King, Jr., of Memphis, for Appellant, Bill Heard Chevrolet, Inc.

Kevin A. Snider of Germantown for Appellee, Arlen Whisenant

### OPINION

### I. FACTS AND PROCEDURE

On February 6, 2002, the Appellee, Arlen Whisenant, bought a specially equipped and modified Chevrolet LT Duty C1500 truck from the Appellant, Bill Heard Chevrolet. Shortly after purchasing the vehicle, Whisenant began experiencing problems with the vehicle modifications, including problems with the steering and turning system, problems with engine noise, and problems with the slip yoke and related items. Incident to the sale, the parties entered into an arbitration agreement, providing for submission to arbitration of all issues related to the transaction, including issues related to representations regarding the transaction. The parties also agreed that the law of Tennessee would govern the sale of the vehicle; the relevant provision of the contract for sale reads as follows:

The law of Tennessee will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Tennessee, unless otherwise required by law.

On March 28, 2003, Whisenant filed suit alleging fraud in the inducement, consumer protection violations, Tennessee Lemon Law violations, and Magnassun Moss Warranty Act violations. Appellant filed a Motion to Require Arbitration and filed a general answer to the complaint. The trial court denied Appellant's motion to require arbitration holding that contract formation issues, including claims of fraud in the inducement, are not arbitrable when the agreement provides that it is governed by Tennessee law.

## II. ISSUE

The Appellant, Bill Heard Chevrolet, presents the following issue on appeal:

Under Tennessee law, even if the parties have agreed to arbitrate contract formation issues, such as fraud in the inducement, whether these issues are subject to arbitration as set forth in the Tennessee Supreme Court's ruling in *Frizzell Constr. Co. V. Gatlinburg, LLC*, 9 S.W.3d 79, 85 (Tenn. 1999).

## III. STANDARD OF REVIEW

This appeal concerns solely a question of law; there are no disputed facts at issue in this appeal. Our review of a trial court's determinations on questions of law is *de novo* with no presumption of correctness. *Gonzalez v. State Dep't of Children's Servs.*, 136 S.W.3d 613, 616 (Tenn.2004).

## IV. ANALYSIS

In this appeal, we must determine whether the Appellee's claim of fraudulent inducement is arbitrable under the terms of a contract between Appellant and Appellee for the sale of a specially modified Chevrolet truck. Appellant, Bill Heard Chevrolet, contends that under the express terms of the contract, the Appellee's claim for fraudulent inducement is arbitrable. Appellee, Arlen Whisenant, contends that, since the claim for fraudulent inducement calls into question the very existence of the contract for sale, the claim for fraudulent inducement is not arbitrable under Tennessee law. At trial, the court held for Whisenant and denied Bill Heard Chevrolet's Motion for an Order Requiring Arbitration and for a Stay.

Bill Heard Chevrolet contends the trial court erred and asserts that the parties' agreement to arbitrate all disputes arising from the contract is "valid, enforceable, and irrevocable." In support of this contention, Bill Heard directs us to the "Arbitration Agreement" executed by Bill Heard Chevrolet and Arlen Whisenant. This document reads, in relevant part, as follows:

Buyer/lessee acknowledges and agrees that the vehicle purchased or leased herein has traveled in interstate commerce. Buyer/lessee thus acknowledges that the vehicle and other aspects of the sale, lease or financing transaction are involved in, affect, or have a direct impact upon, interstate commerce.

Buyer/lessee and dealer agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle, terms and provisions of the sale, lease or financing agreement, arrangements for financing, purchase of insurance, purchased [*sic*] of extended warranties or service contracts, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale, lease or financing, and its condition, including disputes concerning the terms and conditions of the sale, lease or financing, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing, any representations, promises or omissions made in connection with negotiations for the sale, lease, or financing of the vehicle, or any terms, conditions, or representations made in connection with the financing, credit life insurance, disability insurance, and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.

Bill Heard argues that, under the Federal Arbitration Act, there is a presumption of arbitrability when a contract between parties contains an arbitration clause. Quoting ***United Steel Workers of America v. Mead Corp***., ***Fine Paper Div.***, 21 F.3d 128, 131 (6th Cir. 1994), Bill Heard contends that this Court "should not deny an Order to arbitrate 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Because the arbitration agreement explicitly states that it covers "any representations, promises or omissions made in connection with negotiations for the sale, lease or financing of the vehicle," then any claim of fraudulent inducement clearly falls within the ambit of the arbitration agreement. Moreover, Bill Heard contends that the arbitration agreement is enforceable because Whisenant knowingly and voluntarily signed the agreement, the agreement was not obtained by fraud, and the agreement was not unconscionable.

Appellee, Arlen Whisenant, makes a two-fold argument. First, Whisenant argues that Tennessee law does not permit the arbitration of claims of fraudulent inducement. Whisenant cites the case of ***Frizzell Construction Co., Inc. v. Gatlinburg, L.L.C.***, 9 S.W.3d 79, 85 (Tenn. 1999), in which the Tennessee Supreme Court held that a fraudulent inducement claim was excluded from arbitration, despite the fact that the contract contained an arbitration clause that evidenced an intent to submit all issues to arbitration, including issues of contract formation. Whisenant contends that

"the Court determined that the fraudulent inducement claim was excluded from arbitration, a determination which was in the parties' contemplation having chosen Tennessee law." Whisenant further notes that it does not contravene the Federal Arbitration Act for Tennessee to invalidate an arbitration clause as it applies to fraudulent inducement claims; Whisenant quotes *Taylor v. Butler*, 142 S.W.3d 277, 284 (Tenn. 2004), which states that "states may regulate contracts, including arbitration clauses, under general contract principles and they may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2."

Whisenant's second argument is that it would be contrary to the Federal Arbitration Act for him to be compelled to arbitrate the fraudulent inducement claim: "Although the FAA seeks to ensure the enforceability of agreements between private parties, parties cannot be forced to arbitrate claims they did not agree to arbitrate." Whisenant quotes *Frizzell* in support of this point:

> The FAA does not compel arbitration of any issue unless
>
> (1) an express agreement exists to arbitrate a specific issue, or
> (2) doubt exists as to whether the parties intended to withhold a specific issue from arbitration.

*Frizzell Construction Co., Inc. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 84 (Tenn. 1999). Whisenant argues that the language of the arbitration agreement cited by Bill Heard Chevrolet, as mandating arbitration of the fraudulent inducement claim, is "overly technical language" and that Whisenant was an "unsophisticated consumer who is not educated in the method of interpreting complicated legal jargon into understandable terms and was unaware that he was waiving any legal remedy regarding any concerns on the validity of the contract itself."

We begin our analysis by noting that the arbitration agreement at issue in this appeal does not explicitly state that "fraud in the inducement" is to be an arbitrable claim between the parties. The closest that the agreement comes to stating that a claim of fraud in the inducement is arbitrable is in the following passages, both of which are contained in the arbitration agreement:

> "Buyer/lessee and dealer agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle .... "
>
> "Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them ... concerning the terms and conditions of the sale, lease or financing ... [or] any representations, promises or omissions made in connection with negotiations for the sale, lease, or financing of the vehicle."

These phrases, taken alone, arguably imply that a claim of fraud in the inducement is arbitrable. A claim of fraud in the inducement would most likely concern the "negotiations leading to the sale ...

of the vehicle," just as such a claim would likely concern "representations, promises or omissions made in connection with negotiations for the sale ... of the vehicle." However, we must turn to the case law concerning arbitration clauses, to determine whether Whisenant's claim of fraud in the inducement is arbitrable under Tennessee law.

In the case of ***City of Blaine v. John Coleman Hayes & Assoc.***, 818 S.W.2d 33 (Tenn. Ct. App. 1991), the city of Blaine, Tennessee, sought rescission of a contract with Hayes & Associates to provide engineering services for construction of a waste water treatment and collection system. The city of Blaine filed suit seeking rescission of the contract due to alleged fraud and misrepresentations by Hayes & Associates that induced Blaine to enter the contract. The question before this Court was whether the arbitration provisions of the contract between Hayes and the city of Blaine required that a claim of fraud in the inducement of the contract be submitted to arbitration. We noted that the arbitration agreement in the contract was

> quite broad in providing for arbitration of 'all claims, counter-claims, disputes and other matters in question between the parties hereto arising out of or relating to this agreement or the breach thereof....'

***Id***. at 36. Reviewing the Tennessee law on this question, we concluded that the City of Blaine was entitled to a judicial resolution of the issue of fraud in the inducement. We acknowledged that this was a "minority view":

> In 1983, when the Tennessee legislature passed the Uniform Arbitration Act, they had full knowledge of the long established right of a person to seek rescission of a contract procured by fraud. With this knowledge, we find it logical for the legislature to intend to except actions for rescission from a decision by arbitrators and giving the language of the statute its usual and ordinary meaning, the legislature did just that. This legislative intent is exemplified by Justice Black in the *Prima* dissent. "Fraud, of course, is one of the most common grounds for revoking a contract. If the contract was procured by fraud, then, unless the defrauded party elects to affirm it, there is absolutely no contract, nothing to be arbitrated." 87 S.Ct. at 1810. It would be difficult to improve on this language.
>
> In the case at bar, Blaine is entitled to a judicial determination on the issue of rescission. Although perhaps representing a minority view, we feel this approach represents the better view.

***Id***. at 38. Thus, ***City of Blaine*** establishes that where the parties have agreed that Tennessee law governs a transaction, the issue of fraudulent inducement must be excluded from arbitration.

In the case of ***Frizzell Construction Company, Inc. v. Gatlinburg, L.L.C.***, 9 S.W.3d 79 (Tenn. 1999), the owner of a hotel construction project was sued by a contractor for breach of contract. The project owner counterclaimed alleging fraudulent inducement. The arbitration

provision at issue in *Frizzell* required arbitration of "[a]ll claims, disputes and or other matters in questions arising out of, or relating to, this Agreement or breach thereof." *Id.* at 81. The agreement further included a choice of law provision stating that the agreement would be governed by Tennessee law. The chancellor, in a decision affirmed by the Court of Appeals, held that the fraudulent inducement claim must be withheld from arbitration. Noting that the parties chose the law of Tennessee to govern the contract, the Tennessee Supreme Court held that "the contract evidences the intent to judicially resolve a claim of fraudulent inducement," and affirmed the decision to withhold the fraudulent inducement claim from arbitration. *Id*. at 82. The Court said:

> By stating that the contract is to be governed by Tennessee law, the parties have indicated their intention to arbitrate all disputes "arising out of, or relating to" their agreement—but only to the extent allowed by Tennessee law. Interpreting each clause in light of the other, we read the arbitration clause to more accurately state, "In accordance with Tennessee law, all claims, disputes, and other matters in questions arising out of, or relating to, this Agreement . . . shall be decided by arbitration . . . ." Therefore, because Tennessee law contemplates judicial resolution of contract formation issues, we conclude that the parties have indicated their intention not to submit such issues to arbitration.

*Id.* at 85.

The Tennessee Supreme Court recently considered the arbitrability of fraudulent inducement claims in the case of *Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004). In *Taylor*, a car buyer whose car was repossessed brought an action against the automobile dealership, alleging violation of the Consumer Protection Act. The trial court granted the dealership's motion to dismiss, finding that the buyer was compelled to arbitrate her claim of fraudulent inducement, due to an arbitration clause governing "all claims, demands, disputes or controversies of every kind or nature between [the parties] arising from the [sale of the vehicle]." *Id*. at 280. The arbitration clause also stated that the arbitration shall be "conducted pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. Section 12 et seq." *Id.* The Court of Appeals, relying upon its decisions in *City of Blaine* and *Frizzell*, concluded that fraudulent inducement could not be submitted to arbitration under Tennessee law, and reversed the trial court. Although affirming the Court of Appeals on the issue of arbitrability, the Supreme Court reversed the Court of Appeals, noting that the facts in *Taylor v. Butler* differed in a crucial respect from the facts of *City of Blaine* and *Frizzell*—Ms. Taylor's contract with City Auto did not provide that the laws of Tennessee would govern the transaction, while the contracts at issue in *City of Blaine* and *Frizzell* did specify that Tennessee law would govern the contracts. Pointing out that the court in *Frizzell* stressed that courts must focus on the specific terms of the contract at issue, the Supreme Court in *Taylor v. Butler* went on to state: "It is undisputed that Taylor signed a contract that specifically stated that 'all claims, demands, disputes or controversies of every kind or nature between [the parties] arising from the [sale of the vehicle]

shall be settled by binding arbitration pursuant to the provisions of the Federal Arbitration Act.'" ***Id***. at 283. The Court said:

> This Court has also held that claims of fraud in the inducement are to be resolved by the courts and not by an arbitrator when the contract is governed by Tennessee law. Frizzell Constr. Co., 9 S.W.3d at 84. In Frizzell, the arbitration clause purported to govern "[a]ll claims, disputes and or other matters in questions arising out of, or relating to, this Agreement." Id. at 81. In addition to this arbitration clause, the contract contained a clause stating that Tennessee law would form the basis for deciding questions concerning the contract's scope and interpretations. We held that:
>
> > By stating that the contract is to be governed by Tennessee law, the parties have indicated their intention to arbitrate all disputes "arising out of, or relating to" their agreement – but only to the extent allowed by Tennessee law. . . . Therefore, because Tennessee law contemplates judicial resolution of contract formation issues, we conclude that the parties have indicated their intention not to submit such issues to arbitration.
>
> ***Id.*** at 85.

***Id.*** at 282.

We conclude that under the principles articulated in ***City of Blaine***, ***Frizzell***, and ***Taylor v. Butler***, we must affirm the judgment of the trial court in this case that Whisenant cannot be compelled to arbitrate his fraudulent inducement claim against Bill Heard Chevrolet. Two related considerations persuade us of the correctness of the trial court's judgment. First, we note that nowhere in the arbitration agreement is it stated that a claim of fraud in the inducement is arbitrable. The second persuasive consideration is that the parties explicitly agreed that Tennessee law would govern the transaction; as shown in our review of the case law, Tennessee law reflects the "minority view" that even in the face of a broadly worded arbitration agreement, a party is entitled to a judicial resolution of a claim of fraudulent inducement since such a claim calls into question the very existence of the contract of which the arbitration agreement is part.

## V. CONCLUSION

For all the foregoing reasons, the judgment of the trial court is affirmed, and the case is remanded for such further proceedings as are necessary. Costs of this appeal are assessed to the Appellant, Bill Heard Chevrolet, and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.