# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
May 28, 2008 Session, Heard at Cookeville

## STATE OF TENNESSEE v. MARCO M. NORTHERN

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2004-A-664    Steve Dozier, Judge**

---

**No. M2005-02336-SC-R11-CD - Filed August 26, 2008**

---

JANICE M. HOLDER, J., concurring and dissenting.

I fully concur with all portions of the majority opinion except Part III(C), which discusses the defendant's right against self-incrimination under the Tennessee Constitution. I would decline to address that issue as it is not presented by this case.

According to Tennessee Rule of Appellate Procedure 13(b) (2008), "[r]eview generally will extend only to those issues presented for review." The appellate courts of this State have the discretion to consider other issues when doing so will prevent unnecessary litigation, injury to the public interest, or prejudice to the judicial process. Tenn. R. App. P. 13(b). This discretion, however, should be exercised sparingly. Id. Advisory Comm'n Comments.

The discretionary limits embodied in Tennessee Rule of Appellate Procedure 13(b) are supported by sound legal principles. The adversarial system of law practiced in this country presumes that judges will act as passive decision-makers who resolve the disputes of the litigants before them. Erwin Chemerinsky, The Court Should Have Remained Silent: Why the Court Erred in Deciding Dickerson v. United States, 149 U. Pa. L. Rev. 287, 302 (2000). Judicial passivity promotes public confidence in the impartiality of the judiciary and ensures that litigants will not lose cases on issues that they have not had an opportunity to address. Id. at 302-03. Furthermore, judges can be more confident in the result of their deliberations if they have heard the issues argued by attorneys that are duty-bound to fully develop their opposing positions. Adam A. Milani & Michael R. Smith, Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts, 69 Tenn. L. Rev. 245, 274-75 (2002); June F. Entman, Flawed Activism: The Tennessee Supreme Court's Advisory Opinions on Joint Tort Liability and Summary Judgment, 24 Mem. St. U. L. Rev. 193, 199-200 (1994). As then-judge Scalia persuasively argued,

> The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them. . . . Of course not all legal

arguments bearing upon the issue in question will always be identified by counsel, and we are not precluded from supplementing the contentions of counsel through our own deliberation and research. But where counsel has made no attempt to address the issue, we will not remedy the defect, especially where . . . "important questions of far-reaching significance" are involved.

Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983).

In this case, the majority correctly observes that the defendant has abandoned his state constitutional claim by failing to raise the issue on appeal. Nonetheless, the majority addresses this issue.[1] In my view, the majority's discussion is made even more unnecessary in light of the pending appeal in State v. Dailey, No. M2007-01874-CCA-RMCD, 2007 WL 4116322 (Tenn. Crim. App. Nov. 20, 2007), appeal granted (Jun. 23, 2008), which squarely presents this issue for our consideration. Extending review to the issue not presented for review meets none of the criteria of Tenn. R. App. P. 13(b). I would therefore defer the discussion of the waived issue to a case in which the issue is presented by the parties.

_____
JANICE M. HOLDER, JUSTICE

---

[1] Unfortunately, it appears this practice is becoming more common. See generally, R.D.S. v. State, 245 S.W.3d 356 (Tenn. 2008) (analyzing whether a search was illegal despite the waiver of the issue); Taylor v. Butler, 142 S.W.3d 277 (Tenn. 2004) (considering the unconscionability of an arbitration agreement despite the waiver of the issue).