IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 6, 2013 Session

# RICHARD A. BERENT v. CMH HOMES, INC. ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 12C1524      W. Jeffrey Hollingsworth, Judge**

**No. E2013-01214-COA-R3-CV-FILED-FEBRUARY 28, 2014**

The issue on this appeal is the enforceability of an arbitration agreement. The trial court, applying the principles promulgated in *Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 1996), held that the arbitration agreement was unconscionable because it requires the plaintiff to submit to arbitration virtually all of his claims, while allowing the defendants access to a judicial forum for some of their potential claims. We agree with the trial court that the Supreme Court's decision in *Taylor* is controlling and that *Taylor* mandates a holding that the agreement is unconscionable and unenforceable. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

William S. Rutchow and Jennifer S. Rusie, Nashville, Tennessee, for the appellants, CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.

Andrew S. Basler, Chattanooga, Tennessee, for the appellee, Richard A. Berent.

**OPINION**

I.

On December 15, 2010, Richard Berent ("plaintiff") bought a manufactured mobile home from CMH Homes, Inc. Plaintiff financed the home by way of a mortgage provided by Vanderbilt Mortgage and Finance, Inc. Plaintiff and CMH Homes entered into a retail installment contract that provided the terms of the sale and the obligations of each party. CMH Homes then assigned its rights under the contract to Vanderbilt Mortgage.

On December 18, 2012, plaintiff brought this action against defendants CMH Homes and Vanderbilt Mortgage, alleging breach of contract, breach of express and implied warranties, fraud, and violation of the Tennessee Consumer Protection Act. Plaintiff further alleged that "the Installment Contract is unconscionable, and void." Defendants filed a motion to dismiss or to compel plaintiff to arbitrate his claims under the contract's arbitration provisions which, in pertinent part, are as follows:

> <u>Agreement to Arbitrate</u>: Buyer and Seller (sometimes called the "Parties") agree to mandatory, binding arbitration ("Arbitration") of all disputes, claims, controversies, grievances, causes of action, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims, and, where applicable, administrative law claims, and any other matter in question ("Claims") arising from or relating to this Contract, any products/goods, services, insurance, or real property (including improvements to the real property) sold or financed under this Contract, and the interpretation, scope, validity or enforceability of this Contract (with the exception of this agreement to arbitrate, the "Arbitration Agreement"). The interpretation, scope, validity, or enforceability of this Arbitration Agreement or any clause or provision herein and the arbitrability of any issue shall be determined by a court of competent jurisdiction.

(Underlining in original.) Plaintiff argued in response that the arbitration agreement was void for unconscionability because it forced him to arbitrate virtually all of his claims while allowing defendants to pursue judicial relief for certain claims. The arbitration agreement provides the following exceptions allowing defendants to bring certain causes of action in a judicial forum:

G. Exceptions: Notwithstanding any other provision of this Arbitration Agreement, Buyer agrees that Seller may use judicial process (filing a lawsuit): (a) to enforce the security interest granted in this Contract or any related mortgage or deed of trust, and (b) to seek preliminary relief, such as a restraining order or injunctive relief, in order to preserve the existence, location, condition, or productive use of the Manufactured Home or other Collateral. Buyer and Seller also agree that this Arbitration Agreement does not apply to any Claim where the amount in controversy is less than the jurisdictional limit of the small claims court in the jurisdiction where the Buyer resides, *provided, however*, that the Parties agree that any such small claims Claim may only be brought on an individual basis and not as a class action. Bringing a court proceeding described in this paragraph G., however, shall not be a waiver of Seller's or Buyer's right to compel Arbitration of any other Claim that is covered by this Arbitration Agreement, including Buyer's counterclaim(s) in a suit brought by Seller.

(Underlining and emphasis in original.) Plaintiff relies on the Supreme Court's decision in the ***Taylor*** case, wherein the High Court held an arbitration clause to be "unconscionable and therefore void because it reserves the right to a judicial forum for the defendants while requiring the plaintiff to submit all claims to arbitration." 142 S.W.3d 277 at 280.

The trial court denied defendants' motion, holding as follows:

> The arbitration agreement contained within the Retail Installment Contract ("RIC") is unconscionable, under the reasoning of the Tennessee Supreme Court in [***Taylor***]. Under the arbitration agreement, the buyer is required to submit all claims he may have against the seller to arbitration. The seller, on the other hand, may choose to proceed in court "(a) to enforce the security interest granted in this contract or any related mortgage or deed of trust." . . . This exception is similar to the one struck down in ***Taylor*** and is therefore to be considered unconscionable and unenforceable.
>
> This ruling applies only to the arbitration agreement. It does not pertain to the enforceability of the remainder of the RIC.

(Defined term "RIC" in original.)  Defendants timely filed a notice of appeal under Tenn. Code Ann. § 29-5-319 (2012), which provides that "[a]n appeal may be taken from: (1) an order denying an application to compel arbitration made under § 29-5-303 . . . in the same manner and to the same extent as from orders or judgments in a civil action."  *See also* *McGregor v. Christian Care Ctr. of Springfield, L.L.C.*, No. M2009-01008-COA-R3-CV, 2010 WL 1730131 at *3 (Tenn. Ct. App. M.S., filed Apr. 29, 2010); *Reno v. Suntrust, Inc.*, No. E2006-01641-COA-R3-CV, 2007 WL 907256 at *2 (Tenn. Ct. App. E.S., filed Mar. 26, 2007) ("Although an appeal as of right typically must address a final judgment of a trial court, . . . the Tennessee Uniform Arbitration Act . . . provides that an appeal may be taken from an order denying an application to compel arbitration").

## II.

The precise issue on appeal is whether the trial court erred in refusing to order plaintiff to arbitrate his claims, the court's decision being predicated on the ground that the arbitration agreement was unconscionable under the controlling principles set forth by the Supreme Court in *Taylor*.

Defendants also raise the following issue, as quoted in their brief: "Did the Trial Court err in denying the Motion to Compel arbitration where the Court should have simply severed the Exceptions clause of the Arbitration Agreement?"  We decline to address this issue. Defendants have waived it by failing to raise it with the trial court.  Defendants did not ask the court to sever the exceptions clause, nor did they ever point out, or argue the applicability of, the severability provision in the arbitration agreement at the trial level.  "Under Tennessee law, issues raised for the first time on appeal are waived." *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996); *accord* *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 670 (Tenn. 2013).

## III.

"The question of whether a contract or provision thereof is unconscionable is a question of law." *Taylor*, 142 S.W.3d at 284-85.  Consequently, our review is de novo with no presumption of correctness of the trial court's legal decision on the subject issue. *Brown v. Tenn. Title Loans, Inc.*, 216 S.W.3d 780, 783 (Tenn. Ct. App. 2006).

In *Taylor*, the Supreme Court addressed the validity of an arbitration agreement that "reserve[d] the right to a judicial forum for the defendants while requiring the plaintiff to submit all claims to arbitration."  142 S.W.3d at 280.  The High Court, holding the agreement "unconscionable and therefore void," *id.*, stated the following:

In her brief on appeal, Taylor focuses on the following provision contained in the arbitration agreement of the Buyers Order: "Dealer, however may pursue recovery of the vehicle under the Tennessee Uniform Commercial Code and Collection of Debt due by state court action." Taylor asserts that this provision renders the contract unconscionable because City Auto has retained for itself legal remedies beyond arbitration while restricting Taylor to those remedies available under the Federal Arbitration Act.

\* \* \*

If a contract or term thereof is unconscionable at the time the contract is made, a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term. *See* Restatement (Second) of Contracts § 208 (1981). "The determination that a contract or term is or is not unconscionable is made in the light of its setting, purpose and effect. Relevant factors include weaknesses in the contracting process like those involved in more specific rules as to contractual capacity, fraud, and other invalidating causes. . . ." Restatement (Second) of Contract[s] § 208, cmt. a (1981).

Enforcement of a contract is generally refused on grounds of unconscionability where the "inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." An unconscionable contract is one in which the provisions are so one-sided, in view of all the facts and circumstances, that the contracting party is denied any opportunity for meaningful choice.

While Tennessee has yet to address the issue of whether an arbitration provision in a consumer contract which reserves a right to access to the courts only for the merchant and not the consumer is voidable on the basis of unconscionability, a number of other jurisdictions have addressed such one-sided arbitration provisions.

-5-

*Taylor*, 142 S.W.3d at 284-85 (internal citations omitted).  After reviewing opinions from other jurisdictions addressing this issue, the Supreme Court concluded:

> The arbitration agreement in this case is comparable to those that were found to be unconscionable in the aforementioned cases.  City Auto has a judicial forum for practically all claims that it could have against Taylor.  Indeed, it is hard to imagine what other claims it would have against her other than one to recover the vehicle or collect a debt. At the same time, Taylor is required to arbitrate any claim that she might have against City Auto.
>
> The contract signed between Taylor and City Auto is one of adhesion, in that it is a standardized contract form that was offered on essentially a "take it or leave it" basis without affording Taylor a realistic opportunity to bargain.  *See* Black's Law Dictionary 40 (6th ed. 1990).   We have previously determined that enforceability of contracts of adhesion generally depends upon whether the terms of the contract are beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable.  *See* ***Buraczynski v. Eyring***, 919 S.W.2d 314, 320 (Tenn. 1996).  Courts will not enforce adhesion contracts which are oppressive to the weaker party or which serve to limit the obligations and liability of the stronger party.  ***Id.***  Looking at the arbitration agreement in the present case, it is clear that it is unreasonably favorable to City Auto and oppressive to Taylor.

*Id.* at 286.

We have twice applied the ***Taylor*** holding and rationale to invalidate an arbitration provision that had a similar one-sided effect of allowing one party access to the judicial system and restricting the other party's access. *See* ***Brown***, 216 S.W.3d at 786-87 (observing that "[t]he arbitration agreements require Plaintiffs to arbitrate any and all claims they may have against Defendant. Defendant, however, is allowed to bypass arbitration altogether and proceed through the court system with regard to any claims against Plaintiffs 'to enforce' Plaintiffs' 'payment obligation, in the event of default' "); *see also* ***McGregor***, 2010 WL 1730131 at *6-7 (invalidating arbitration agreement that "forces [the plaintiff] to go to arbitration for any claims she may have against the nursing home, but it gives the nursing home recourse to the courts for certain claims against her").

As already stated, the *Taylor* Court held the arbitration clause "unconscionable and therefore void because it reserves the right to a judicial forum for the defendants while requiring the plaintiff to submit all claims to arbitration." *Id.* at 280, 287. The arbitration provision in the present case has a similar effect. In this case, the printed form agreement, presented to plaintiff by CMH Homes, allows defendants the right to a judicial forum for primary and significant claims: "(a) to enforce the security interest granted in this Contract or any related mortgage or deed of trust, and (b) to seek preliminary relief, such as a restraining order or injunctive relief, in order to preserve the existence, location, condition, or productive use of the Manufactured Home or other Collateral." Moreover, in the event that defendants file a lawsuit under the agreement's exceptions to the arbitration requirement, plaintiff is barred from bringing a counterclaim in the same court; the agreement requires such a counterclaim to be submitted to arbitration. Although the arbitration agreement in this case is different from the one in *Taylor* in at least one respect – allowing either party to bring a claim "where the amount in controversy is less than the jurisdictional limit of the small claims court in the jurisdiction where the Buyer resides" – the agreement reserves the right to a judicial forum for defendants to present arguably their most likely, and most significant, causes of action, while substantially restricting plaintiff's access to the courts. Thus, as we held in *Brown* and *McGregor*, the Supreme Court's decision in *Taylor* is controlling here.

Defendants argue that the trial court erred in refusing to enforce the arbitration agreement because plaintiff's claim of unconscionability is preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 1 *et seq.* Like the agreement in *Taylor*, the arbitration agreement here provides that the arbitration shall be governed by and conducted under the FAA. In *Taylor*, the Court recognized that the FAA allows states to regulate arbitration contracts under general contract law principles, including applying defenses such as unconscionability, stating as follows:

> Generally, whether a valid agreement to arbitrate exists between the parties is to be determined by the courts, and if a complaint specifically challenges the arbitration clause on grounds such as fraud or unconscionability, the court is permitted to determine it[s] validity before submitting the remainder of the dispute to arbitration.
>
> In determining whether there is a valid agreement to arbitrate, "courts generally . . . should apply ordinary state-law principles that govern formation of contracts," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). As the United State[s] Supreme Court noted in *Allied–Bruce Terminix Cos. v. Dobson*:

> Section 2 [of the FAA] gives States a method for protecting consumers against unfair pressure to agree to a contract with an unwanted arbitration provision. States may regulate contracts, including arbitration clauses, under general contract law principles and *they may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of any contract."* 9 U.S.C. § 2.

> 513 U.S. 265, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). *"[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening"* the enforcement provisions of the FAA. **Doctor's Assoc., Inc. v. Casarotto**, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996).

142 S.W.3d 283-84 (internal citations and footnote omitted; emphasis added). As this analysis demonstrates, the FAA does not preempt the application of a generally applicable state-law contract defense such as unconscionability. Furthermore, in this case the arbitration agreement specifically provides that "[t]he interpretation, scope, validity, or enforceability of this Arbitration Agreement or any clause or provision herein and the arbitrability of any issue shall be determined by a court of competent jurisdiction."

Finally, the defendants state in their brief that "[t]his appeal calls into question the continuing viability of the Supreme Court's decision in **Taylor**," citing numerous decisions from other jurisdictions in support of their argument that "**Taylor** is no longer in the legal majority; indeed, the law propounded in **Taylor** is only accepted in a small minority of jurisdictions." It is not the prerogative of this Court to address the "continuing viability" of a Supreme Court decision other than to note that it continues to remain viable until the Supreme Court says otherwise. We responded to a similar argument in **Brown** with the following observations that are equally applicable in the present case:

> Defendant correctly notes that several jurisdictions have reached conclusions different from the result reached by the Tennessee Supreme Court in **Taylor v. Butler**. Defendant argues that the **Taylor** decision was not sound and urges this Court to side with those jurisdictions reaching conclusions contrary to **Taylor**. . . . This Court, however, is not at liberty to reverse decisions of our

Supreme Court. If Defendant believes *Taylor* was wrongly decided, that argument needs to be directed to the Supreme Court.

216 S.W.3d at 787.

IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellants, CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc. This case is remanded to the trial court, pursuant to applicable law, for further proceedings.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE