**J.T. HAUN, Plaintiff-Appellant,**

v.

**R.D. KING and K.G. Merritt, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 31, 1984.

Permission to Appeal Denied by Supreme Court May 13, 1985.

Andy D. Lewis, Chattanooga, for plaintiff-appellant.

Perry P. Paine, Jr., Maryville, for defendants-appellees.

## OPINION

FRANKS, Judge.

The principal issue presented by this appeal is whether the contractual doctrine of "frustration of commercial purpose", recognized by the Supreme Court in *North American Capital Corporation v. McCants*, 510 S.W.2d 901 (Tenn.1974), is applicable to the facts of this case. The chancellor, invoking the doctrine, refused to enforce the contract and plaintiff has appealed.[1]

Plaintiff was a principal in Haun Pontiac-Cadillac-GMC Corporation, which operated an automotive dealership in Athens, Tennessee. In February, 1980, the corporation petitioned for bankruptcy. Subsequently, Merritt-King Pontiac-Cadillac-GMC–AMC, Inc., purchased from the trustee in bankruptcy certain assets of the bankrupt cor-

poration and leased the premises where the bankrupt corporation had operated its dealership from plaintiff. Contemporaneously, the contract in dispute was entered between plaintiff and the Merritt-King corporation and its principals, the defendants King and Merritt, wherein, for a consideration of $1,468.75 per month for a period of 48 months, the parties agreed: "J.T. Haun will not directly or indirectly compete with Merritt-King Pontiac in the retail new automobile business in the trade area set forth in the existing franchise agreements of Haun Pontiac-Cadillac-GMC, Inc. and J.T. Haun." The agreement also contains a provision that R.D. King and K.G. Merritt "agreed to be personally liable to J.T. Haun for the faithful performance of the terms" of the agreement and expressly provides the plaintiff relied upon such personal liability in making the agreement.

The agreement became effective on June 16, 1980, and payments were made to plaintiff on a monthly basis through October, 1981. The dealership closed on or about January 26, 1982, due to bankruptcy. The reason for the bankruptcy, as expressed by King, was General Motors Acceptance Corporation, acting upon information obtained from the First National Bank and Trust Company of Athens about the corporation's financial status, discontinued the corporation's floor plan for financing new vehicles.

The doctrine of frustration of commercial purpose, as expressed in *McCants*, is if the happening of an event, not foreseen by the parties to the contract and neither caused by nor under the control of either party, has destroyed or nearly destroyed either the value of performance or the object or purpose of the contract, then the parties are excused from further performance. The *McCants* court stated the "supervening event" must be "wholly outside the contemplation of the parties" but, if such frustrating event was reasonably foreseeable, the doctrine is not a de-

---

1. The trial court allowed judgment for three months' payments required by the contract, the period from the last payment actually made until the corporation filed for bankruptcy.

fense. The doctrine is predicated on the premise of giving relief where the parties could not provide themselves, by the provisions of the contract, against the happening of the supervening event. 17A C.J.S., *Contracts,* § 463(2).

■ As a general rule, unexpected financial difficulty, expense or hardship does not excuse a contractual promissor from performing his undertaking where the contract does not provide otherwise. Annot., 84 A.L.R.2d 12, *Contract—Performance Impossibility,* § 23 (1962). Our Supreme Court, quoting from *Mid-Continent Petroleum Corp. v. Barrett et al.,* 297 Ky. 709, 181 S.W.2d 60 (1944), in *Dubois et al. v. Gentry et al.,* 182 Tenn. 103, 107, 184 S.W.2d 369 (1945), has stated the rule thusly:

> "[T]he decisions are in complete accord with an elementary principle of the law of contracts that when a party engaged without qualification to do an act, his performance is not excused because it becomes onerous or unprofitable. It is deemed his own fault if he does not expressly provide against contingencies and exempt himself from responsibility in certain events."

■ In the instant case, while the exact actions of defendants' creditors would not necessarily have been foreseen, clearly, dependency on third parties for continuing credit essential to the operation of the automobile dealership was crucial to the successful operation of the business. In this connection, *see Allen v. Elliott Reynolds Motor Co.,* 33 Tenn.App. 179 at p. 191, 230 S.W.2d 418 (1950).

■ Pertinent circumstances in this dispute are the bankruptcy of the predecessor dealership and plaintiff's bargain for the inclusion of defendants King's and Merritt's personal liability for payment of the obligation in the event of a default by Merritt-King Pontiac Corporation. Thus, the parties contracted relative to the eventuality which has occurred. Accordingly, the doctrine of frustration of commercial purpose is not a defense to the enforcement of the contract.

■ Next, defendants argue enforcement of the contract would be unconscionable. When courts will refuse to enforce a contract on the basis of unconscionability is well stated in *Brenner v. Little Red Schoolhouse,* 302 N.C. 207, 274 S.E.2d 206 (1981) at p. 210:

> A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. *Hume v. United States,* 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889); *Christian v. Christian,* 42 N.Y.2d 63, 365 N.E.2d 849, 396 N.Y.S.2d 817 (1977). In determining whether a contract is unconscionable, a court must consider all the facts and circumstances of a particular case. If the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. *In re Friedman,* 64 A.D.2d 70, 407 N.Y.S.2d 999 (1978); *Collins v. Uniroyal Inc.,* 126 N.J.Super. 401, 315 A.2d 30 (1973), *aff'd* 64 N.J. 260, 315 A.2d 16 (1974). *See, e.g.,* G.S. 25A–43(c).

■ The record does not establish any inequality of bargaining power between the parties: all the parties were experienced in the automobile business and presumably well acquainted with its financial requirements. We find no basis to decline to enforce the obligations fairly made between the parties.

Defendants last argue the following provision is a penalty rather than a provision for liquidated damages:

> In the event of default by Merritt-King Pontiac, R.D. King or K.G. Merritt, the parties agree that Haun's damages are

equal to the total of all payments agreed upon and the same shall become immediately due and payable, together with attorney's fees.

 The provision provides for accelerated payment of the consideration bargained for by plaintiff. The record also establishes the total consideration was made payable by installments over the duration of the contract due to income tax ramifications. The provision is, therefore, a reasonable measure of liquidated damages and, as the full 48 months have now elapsed, the plaintiff is entitled to judgment for the breach of the contract for the total contract price of $70,500.00, less the 17 monthly payments made.

The cause is remanded to the trial court for the entry of a judgment for plaintiff in accordance with this opinion and to set reasonable attorney's fees for plaintiff's attorneys, as provided in the contract.

Costs of appeal are assessed to defendants.

SANDERS and KOCH, JJ., concur.