**AQUASCENE, INC., Plaintiff,**

v.

**NORITSU AMERICAN CORPORATION, Defendant.**

No. 3:90–0445.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 22, 1993.

Fred L. Allen, Allen, Andre & Associates, Franklin, TN, John K. Harber, Pryor, Flynn, Priest & Harber, Knoxville, TN, for plaintiff.

William Kyle Carpenter, Paul Edward Pratt, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, TN, for defendant.

## MEMORANDUM

WISEMAN, District Judge.

### I

At issue here is the effect of two Tennessee code provisions on contractual warranty limitations. Section 47–2–719 of the Tennessee Code provides the following exceptions to the general rule that contractual limitations on warranties are valid:

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be has as provided in chapters 1–9 of this title.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

Tenn.Code Ann. § 47–2–719(2), (3) (1992). The question is whether these sections should be read independently, as defendant suggests, or in tandem, as the plaintiff suggests. An independent construal would ex-

empt consequential damages from the general "failure of essential purpose" exception to warranty limitations (i.e., if a limited warranty failed of its essential purpose and consequential damages were excluded under the contract, then consequential damages could not be recovered unless the exclusion or limitation was unconscionable). "Benefit of the bargain" damages would only be available under this reading when consequential damages are excluded and a warranty fails of its essential purpose. *See* Tenn.Code Ann. § 47–2–714(2) (defining the breach of warranty measure of damages exclusive from consequential or incidental damages); *cf. id.* § 47–2–715 (defining consequential and incidental damages). An interdependent construal would, however, treat consequential damages as fair game if a limited warranty failed of its essential purpose (i.e., no unconscionability would have to be proved to overcome a consequential damages exclusion or limitation if a warranty failed of its essential purpose).

This question is before the court because the plaintiff, Aquascene, Inc., alleges that the limited contractual warranty provided to it by the defendant, Noritsu American Corp., for photographic processing equipment failed of its essential purpose and that breach of warranty and consequential damages should thus be recoverable. The relevant contractual clauses provide:

> [Noritsu's] sole and exclusive liability under this warranty shall be that it will provide new or rebuilt replacement parts and labor to correct defects in the equipment covered by this warranty which are reported to [Noritsu] during the first ninety (90) days following the date initial installation of the equipment is completed and will provide new or rebuilt replacement parts necessary to correct defects in the equipment covered by this warranty which are reported to [Noritsu] during the first year following such date.
> EXCEPT AS HEREIN EXPRESSLY STATED, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, BY OP-
> ERATION OF LAW OR OTHERWISE, APPLICABLE TO THE EQUIPMENT. [NORITSU] DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE. IN NO EVENT SHALL THE COMPANY BE LIABLE FOR ANY INCIDENTAL, INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES.

The plaintiff initially pled a strict liability claim, but this court granted the defendant summary judgment on this claim because the plaintiff failed to provide any evidence that the product in question—a photographic "mini-lab" for rapid film developing—was "unsafe" or "dangerous" as defined by Tennessee law and as required for success on this claim.[1] The plaintiff was therefore left only with a breach of warranty claim.[2] Accordingly, the plaintiff now seeks to establish, through a motion for reconsideration and clarification of this court's earlier opinion, whether both "benefit of the bargain" and consequential damages, notwithstanding the contract exclusion on the latter, are recoverable if a breach of warranty is proven. The defendant, in opposition to the motion for reconsideration/clarification and on motion for summary judgment, seeks to establish that consequential damages are not recoverable.

## II

### A. Reconsideration of Prior Rulings

Plaintiff renews its attempt to institute a strict liability claim against the defendant by arguing that equipment provided by the defendant was "defective" and as a result it damaged property of the plaintiff—paper and chemicals. This attempt is flawed, for the same purposes as the original attempt. Although the equipment in question may have been "defective" as that term is commonly understood, Tennessee law gives this term a very specific meaning within the realm of product liability actions. Specifically, defec-

---

1. *See* this court's Order of Nov. 20, 1991.

2. Specifically, the plaintiff must prove that the warranty in question failed of its essential pur-

pose. *See* this court's Mem. of Nov. 11, 1991, at 5.

tive is defined to be a "condition of a product that renders it unsafe for normal or anticipatable handling or consumption." Tenn. Code Ann. § 29–28–102(2). The plaintiff provides no evidence that the product in question was "defective" under this definition, nor any discussion to alter this court's understanding of "defective under this statute, and so the earlier dismissal of the strict liability claim shall be upheld.

Furthermore, the plaintiff attempts to gain the court's reconsideration of its prior ruling that a genuine material dispute exists over the failure of the warranty. Just as the court previously ruled, there remains a contest over whether the repairs provided "made the equipment 'substantially free of material defects.' ". Mem. of Nov. 20, 1991, at 5. Viewing the evidence in the light most favorable to the defendant, it is not possible for this court to conclude that the defendant breached its warranty.

*B. Recovery of Consequential Damages*

█ Plaintiff and defendant concede that Tennessee courts have not answered the question of the relationship between subsections (2) and (3) of section 47–2–719, though one court did come close. *See Int'l Talent Group, Inc. v. Copyright Management, Inc.,* 769 S.W.2d 217 (Tenn.Ct.App.1988) (not reaching this question because warranty at issue did not fail of its essential purpose). It is for this court to predict, therefore, how the Tennessee Supreme Court might answer this question. *See Royal Indemnity Co. v. Clingan,* 364 F.2d 154, 157 (6th Cir.1966).

In making this prediction, the Sixth Circuit case of *Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable & Cold Storage,* 709 F.2d 427 (6th Cir.1983), is very helpful. In *Lewis Refrigeration,* the Sixth Circuit had to divine how the Washington Supreme Court would answer the identical question now before this court. After acknowledging a split of opinion as to how these subsections should be read together (as part of the UCC, these subsections have been virtually uniformly codified by states), *see id.* at 434 & nn. 9–10, the Sixth Circuit concluded that Washington courts would hold that a consequential damages exclusion would be waived only if this exclusion was itself unconscionable; a finding that a warranty failed of its essential purpose would not automatically waive a consequential damages exclusion.

The Sixth Circuit reached this conclusion for several reasons relevant to the present case. First, Washington had evinced an intent to deal with provisions of the UCC separately and distinctly. *See id.* Tennessee has shown a likewise intent to read UCC provisions separately and distinctly. *See Ford Motor Co. v. Moulton,* 511 S.W.2d 690 (Tenn.), *cert. denied,* 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 (1974). Second, as a general rule a specific provision governs the general, and so subsection (3), as a specific provision dealing with consequential damages, should prevail over subsection (2), a general provision dealing with damages. Third, the different substantive content of the provisions is important. Subsection (2) considers failure of essential purpose, with no differentiation made in the protection to be given to consumer versus commercial parties under the provision. Subsection (3) makes an explicit distinction between such parties, with consumers being assigned greater protection under the provision against unconscionability. Thus the different purposes of the provisions, and the different degrees of protection assigned under each, indicate an intent to treat the provisions as separable and independently effective. Moreover, if the drafters had intended the specific protection of subsection (3) to operate under any circumstances other than unconscionability, as when a warranty fails its purpose, such other conditions would likely have been stated (e.g., language such as "or pursuant to the other terms of this section" could easily have been added). Finally, the comments to this section indicate that it is intended to allow merchants to allocate risks when making business contracts. To invalidate the provision except where one party is overwhelmed would largely undercut the bargaining value of this provision. *See* Comment 3 to Tenn. Code Ann. § 47–2–719; *see also Lewis Refrigeration,* 709 F.2d at 435. Given these considerations, the Tennessee Supreme Court is likely to interpret subsections (2) and (3) of section 47–2–719 independently.

## C. Unconscionability

■ Given the foregoing conclusion, the plaintiff can alleviate itself of the consequential damages exclusion only by showing that this term of the contract is unconscionable. *See* Tenn.Code Ann. § 47–2–719(3). Yet the plaintiff has offered no evidence of unconscionability.

■ Whether a contract term is unconscionable is a question of law, and a presumption of permissible dealings exists between commercial parties. *See Lewis Refrigeration,* 709 F.2d at 435 & n. 12. Under Tennessee law, a contract term is unconscionable only

> when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so repressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.

*Haun v. King,* 690 S.W.2d 869, 872 (Tenn.Ct. App.1984) (citations omitted). Plaintiff has not rebutted defendant's proof on summary judgment that the bargaining between Noritsu and Aquascene was fair and relatively equal, that the two parties were sophisticated and intelligent, and that the damages exclusion clause was not unreasonable. Noritsu should be granted summary judgment on the issue of consequential damages for the damages exclusion was not unconscionable.

### III

Aquascene's motion for reconsideration shall be denied. On motion for clarification, it shall be declared that subsections (2) and (3) of Tenn.Code Ann. § 47–2–719 should be read as distinct and separate. Finally, the defendant's motion for summary judgment on the consequential damages issue shall be granted. An Order in accord shall issue.

### ORDER

For the reasons stated in the accompanying Memorandum, the plaintiff's motion for reconsideration is hereby DENIED. In response to the motion for clarification, the court hereby DECLARES that subsections (2) and (3) of Tenn.Code Ann. § 47–2–719 should be read as distinct and separate. An otherwise valid contractual exclusion of consequential damages may be waived only if this term is unconscionable. Finally, the defendant's motion for summary judgment on the consequential damages issue is hereby GRANTED.

IT IS SO ORDERED.