IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2002 Session

# FIFTH THIRD LEASING COMPANY, v. CHEROKEE PONTIAC, BUICK, OLDS, GMC TRUCKS, LLC.

**Direct Appeal from the Circuit Court for Hawkins County**
**No. 9592    Hon. John K. Wilson, Circuit Judge**

**FILED MARCH 13, 2002**

**No. E2001-01628-COA-R3-CV**

The Trial Court entered summary judgment for lessor against dealer under contract to purchase vehicles from dealer. Dealer's counter-complaint for damages was dismissed. Dealer appeals dismissal, contending claim sounds in tort and/or limitation of liability in contract is unenforceable. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

C. Mark Troutman, LaFollette, Tennessee, for Appellant.

Rodney A. Fields, and Shannon van Tol, Knoxville, Tennessee, for Appellee.

## OPINION

Plaintiff lessor entered an agreement with defendant dealer, wherein plaintiff agreed to purchase vehicles from defendant that defendant leased to its customers. Under the agreement, defendant could issue drafts on lessor's bank account in the amount of the purchase price of the leased vehicles, provided defendant submitted proper lease documentation. The pertinent part of the parties' agreement provides:

> **D. Documentation for Payment.** Upon execution of the Lease application and Lease by lessee and payment by lessee of the advance payments and other amounts due and provided for in the Lease, Dealer shall promptly deliver to Lessor the Lease

application, proposed Lease, advance payments by the lessee, certificate of title to the motor vehicle, a copy of the manufacturer's invoice for insurance coverage as verified by Dealer, and other documents as may be required from time to time. After delivery of the motor vehicle to the lessee, Dealer shall also promptly deliver the properly completed delivery receipt form to Lessor. Upon receipt of each of the foregoing items and such other documentation as may be required by Lessor, and in the form and content satisfactory to Lessor, Lessor shall pay to Dealer the agreed price for the motor vehicle. If Dealer fails to deliver any of the foregoing, or if Lessor discovers any inaccuracies or omissions in any of such documents, Lessor shall assign and Dealer shall accept, without recourse or warranty, all of Lessor's interest in such Lease and motor vehicle, and Lessor shall have no liability for payment of the vehicle purchase price.

Lessor brought this action alleging breach of the parties' agreement, claiming defendant wrongfully withdrew from lessor's account. Dealer filed a counter-claim seeking recovery for "various damages in the form of return [bank] check fees, banking costs . . ." allegedly incurred as a result of lessor's return of issued drafts. It is undisputed that documentation submitted by dealer in support of some drafts contained inaccuracies, and that lessor's attempt to dishonor the drafts was due to such inaccuracies.

The Trial Court entered summary judgment in favor of the lessor for $144,275.16, pre-judgment interest of $25,981.90 and attorney's fees and costs of $26,404.19, as a result of dealer's breach of the parties' agreement. Dealer has not appealed this summary judgment, but has appealed the dismissal of its counter-complaint which alleged, "as a result of its negligent and improper return for the items and/or it is liable to the Counter-Plaintiff for breach of the contract. . . ."

Essentially, dealer makes two arguments on appeal as to why its counter-complaint should not have been dismissed by the Trial Court. First, it argues that the contract between the parties gives it no remedy, and second, that the counter-complaint sounds in tort, and the contractual limitation between the parties limiting recovery of damages is inapplicable.

The pertinent portion of the contract between the parties which limits liability states:

**O. Limitation of Liability.** Lessor's and Dealer's remedies shall be as provided herein and neither party shall otherwise be responsible to the other for any consequential or incidental damages.

The issue thus becomes whether this provision is enforceable against the dealer. Tenn. Code Ann. §47-2-719 provides in pertinent part:

. . . (3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the

person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

Thus, a consequential damage exclusion is enforceable, unless unconscionable, whether or not other remedies in the contract fail of their essential purpose under Tenn. Code Ann. §47-2-719. A party seeking to avoid the consequential damage exclusion must establish that the exclusion itself is unconscionable. *Cybill Shepherd v. Weather Shield Manufacturing, Inc.,* 2000 Tenn. App. LEXIS 559 (August 17, 2000). In *Shepherd* this Court set forth the standard for testing whether such exclusion is unconscionable. The Court stated:

> Whether a contract term is unconscionable is a question of law, and a presumption of permissible dealings exists between commercial parties. *See Lewis Refrigeration*, 709 F.2d at 435 n.12. Under Tennessee law, a contract term is unconscionable only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so repressive that no reasonable person would make them on the one hand,, and no honest and fair person would accept them on the other." *Haun v. King*, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984).

*Id.* at p.6.

The record before us does not establish a basis to refuse to enforce this provision in the arms-length contract between these parties. The provision is applicable to both parties and it is a proper subject to negotiate under a commercial contract.

Finally, the dealer argues the counter-complaint sounds in tort and is not precluded by the contractual limitation.

The contract between the parties sets forth that it governs the sale of vehicles from dealer to lessor and thus, Article II of the Uniform Commercial Code applies. Tenn. Code Ann. §47-2-101, *et seq.* The cause of action alleged sounds in contract and not tort because the allegations are rooted in the performance of the agreement's terms. Regardless of whether a party's actions were intentional or negligent, if they were in an attempted performance of a contract, the action will remain in contract. *Oak Ridge Precision Ind. Inc. v. First Tenn. Bank Nat'l Ass'n.,* 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992). *Also see Mid-South Milling Co., Inc., v. Loret Farms, Inc.,* 521 S.W.2d 586, 588 (Tenn. 1975). The Court looks to the complaint to ascertain the basis of the damages; it does not matter how they were sustained, i.e., negligent or "ordinary" breach. Here they relate to actions taken by Lessor in carrying out the Agreement. *See, e.g., Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727, 729 (Tenn. Ct. App. 1980). The dealer's counter-complaint essentially alleges that the lessor's actions resulted in a breach of contract because of the wrongfully returned drafts. We hold the counter-complaint alleges a cause of action for breach of contract to recover consequential damages which is precluded under the express terms of the contract.

The Judgment of the Trial Court is affirmed with the cost of the appeal assessed to Cherokee Pontiac, Buick, Olds, GMC Trucks, LLC.


_____
HERSCHEL PICKENS FRANKS, J.