# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 14, 2012 Session

## KARIM SKAAN v. FEDERAL EXPRESS CORPORATION

### An Appeal from the Circuit Court for Shelby County
#### No. CT-005300-06    Gina Carol Higgins, Judge

### No. W2011-01807-COA-R3-CV - Filed December 13, 2012

This appeal involves a claim of retaliatory discharge. The plaintiff was employed by the defendant shipping company, working in a job position that required physical labor. The plaintiff seriously injured his back in the course of his employment. As a result, he underwent surgery and took an extended leave of absence. After his leave of absence, the plaintiff returned to his former position with no restrictions. A month later, he suffered another back injury that necessitated another leave of absence. Pursuant to its medical leave policy, the defendant company terminated the plaintiff's employment. Eight months after his employment was terminated, the plaintiff filed this lawsuit, alleging that he was discharged in retaliation for his workers' compensation claim. The plaintiff's employment contract included a contractual six-month limitations period. The defendant company filed a motion for summary judgment based on the six-month contractual limitations period, and also asserting that it was entitled to judgment on the merits based on the undisputed facts. The trial court declined to grant the company's motion for summary judgment based on the six-month limitation period, but it granted summary judgment in favor of the company on the merits. The plaintiff now appeals. We reverse in part but affirm the trial court's grant of summary judgment on a different basis than that upon which the trial court relied, holding that the plaintiff employee's lawsuit is time-barred under the contractual limitations period in the plaintiff's employment contract.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed in Part, Grant of Summary Judgment Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Michael C. Skouteris and Donnie Allen Snow, Memphis, Tennessee, for the Plaintiff/Appellant Karim Skaan

John W. Campbell, Memphis, Tennessee, for the Defendant/Appellee Federal Express Corporation

**OPINION**

**Facts and Proceedings Below[1]**

On August 11, 1999, Plaintiff/Appellant Karim Skaan ("Mr. Skaan") submitted an application for employment with the Defendant/Appellee Federal Express Corporation ("FedEx"). As part of the application, Mr. Skaan signed an Employment Agreement ("Agreement") in which he agreed to certain terms of employment in the event he was hired by FedEx. On September 2, 1999, FedEx hired Mr. Skaan as a permanent, part-time cargo handler. Upon Mr. Skaan's hire, the Agreement Mr. Skaan had signed was executed by a FedEx representative on behalf of FedEx.

In October 2004, in the course of performing his work duties as a cargo handler, Mr. Skaan suffered an injury to his back. As a result of this injury, in May 2005, Mr. Skaan underwent a lumbar diskectomy. Following a medical leave of 385 days, he returned to work at FedEx on November 8, 2005, in the same job position, with no restrictions. On November 11, 2005, FedEx advised Mr. Skaan by letter that, under FedEx's policies on medical leave, he was permitted medical leave of 365 days for any single injury, and he had exhausted the allowable medical leave. Although FedEx's November 11 letter to Mr. Skaan is not in the appellate record, the parties do not dispute that Mr. Skaan was advised by FedEx that, under FedEx policies, no further leave was available to him should he experience a recurrence of the same condition within 180 days.

On December 8, 2005, less than 180 days after he returned to work, Mr. Skaan suffered another work-related injury to his back. This injury necessitated that Mr. Skaan take another medical leave of absence. Mr. Skaan took the position that this second back injury was a new injury, and so he was entitled to additional medical leave under FedEx policies. After investigation, and upon receiving the opinion of Mr. Skaan's treating physician, FedEx took the position that Mr. Skaan's second back injury was a recurrence of his previous injury, so

---

[1]This is Mr. Skaan's second appeal in this case. The first appeal was dismissed by this Court because the trial court's order was not a final, appealable judgment. *See Skaan v. Fed. Express Corp.*, No. W2009-02506-COA-R3-CV, 2010 WL 5140627 (Tenn. Ct. App. Dec. 14, 2010). Some of the facts recited herein are taken from the Court's opinion in the first appeal.

no further medical leave was available to him. Accordingly, on February 3, 2006, FedEx notified Mr. Skaan that his employment with FedEx was terminated.

**Lawsuit**

On October 10, 2006, over eight months after his employment with FedEx was terminated, Mr. Skaan filed this lawsuit against FedEx in the Circuit Court of Shelby County, Tennessee. The complaint alleged breach of Mr. Skaan's employment contract and/or wrongful termination. In March 2007, he amended his complaint, incorporating by reference his breach of contract claim and adding a claim of retaliatory discharge, asserting that FedEx discharged him in retaliation for his workers' compensation claim.

In response, FedEx filed an answer in which it denied Mr. Skaan's allegations and also asserted an affirmative defense that his lawsuit was barred by the "applicable statute of limitations, including the contractual limitation period contained in Plaintiff's employment application." The contractual limitation period to which FedEx referred in its answer is found in Paragraph 15 of the Employment Agreement Mr. Skaan signed as part of his job application to FedEx. This provision states:

> To the extent the law allows an employee to bring legal action against Federal Express Corporation, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

On June 26, 2009, FedEx filed a motion for summary judgment, asserting that it was entitled to summary judgment on all of Mr. Skaan's claims. As to the breach-of-contract claim, FedEx argued that Mr. Skaan was an employee at will and thus there was no contract to be breached. On the retaliatory discharge claim, FedEx argued that Mr. Skaan could present no evidence that his termination was motivated by a retaliatory animus based on his workers' compensation filings, because FedEx had produced undisputed evidence that Mr. Skaan's termination was based on FedEx's medical leave policies. Finally, FedEx argued that Mr. Skaan's entire lawsuit was barred by the six-month contractual limitation period quoted above, because the lawsuit was filed over eight months after Mr. Skaan's employment was terminated.

In August 2009, the trial court conducted a hearing on the summary judgment motion. The appellate record does not include a transcript of that hearing. On November 2, 2009, the trial court entered an order on the summary judgment motion. The trial court declined to grant summary judgment to FedEx based on the six-month limitation period contained in the

Employment Agreement, finding that there were genuine issues of disputed fact that were material to that affirmative defense:

> With respect to the second issue on the contractual limitations period contained in the Employment Agreement, the court finds that there are genuine issues of material fact which preclude summary judgment. There is conflicting testimony concerning whether [Mr. Skaan] could read and write English sufficiently at the time he signed the application. Genuine issues of fact exist as to whether he appreciated and understood the import of what he had signed. While the court is aware that the first issue disposes of the case, this issue is decided in the event that this matter is appealed.

The trial court reviewed the evidence on Mr. Skaan's claim of retaliatory discharge at length and concluded that FedEx had negated an essential element of Mr. Skaan's claim, namely, the element of improper motive for the discharge. The trial court found that, because FedEx had produced undisputed evidence that it did not terminate Mr. Skaan's employment until it received a letter from Mr. Skaan's treating physician that Mr. Skaan's back pain was related to his prior injury, FedEx had established that the termination of Mr. Skaan's employment was not related to the filing of a workers' compensation claim. On this basis, the trial court granted summary judgment in favor of FedEx on the retaliatory discharge claim. The trial court's order did not address the motion for summary judgment as it related to Mr. Skaan's breach-of-contract action. Mr. Skaan appealed this order.[2]

On December 14, 2010, this Court dismissed Mr. Skaan's first appeal for lack of a final order, because the trial court had not disposed of Mr. Skaan's breach-of-contract claim. *Skaan v. Fed. Express Corp.*, No. W2009-02506-COA-R3-CV, 2010 WL 5140627, at *2-3 (Tenn. Ct. App. Dec. 14, 2010). The case was remanded to the trial court for further proceedings. On remand, the trial court entered an order dismissing the breach-of-contract claim. The trial court stated: "The parties have agreed and represented that Plaintiff's [claim based on] breach of contract is without merit and should be dismissed and the Court is in agreement." In addition, the trial court determined that the order was final and appealable, as all matters before the court had been resolved. Mr. Skaan now appeals the grant of summary judgment in favor of FedEx on his retaliatory discharge claim.

---

[2]This order on FedEx's motion for summary judgment was issued by Circuit Court Judge Lorrie Ridder. The subsequent orders were issued by Judge Ridder's successor, Circuit Court Judge Gina Higgins.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Skaan raises one issue, whether the trial court erred in granting FedEx summary judgment on his claim of retaliatory discharge based on its determination that no genuine issues of material fact existed for trial. Specifically, he claims that sufficient evidence was submitted from which a reasonable jury could have concluded that FedEx's proffered reason for terminating him was a mere pretext for discharging him in retaliation for his workers' compensation claims, thus preventing a grant of summary judgment in favor of FedEx under the standard set forth in *Gossett v. Tractor Supply Co.*, 320 S.W.3d 777 (Tenn. 2010).

FedEx also raises an issue on appeal.[3] It claims that the trial court erred in denying its motion for summary judgment based on the contractual six-month limitation period for filing such lawsuits set forth in Mr. Skaan's Employment Agreement. It argues that, even if the record contains conflicting testimony about whether Mr. Skaan could read and write English sufficiently when he signed the application, this fact is immaterial, because one who signs a contract is presumed to know the contents thereof and is bound by the contract. For this reason, FedEx maintains, Mr. Skaan's lawsuit was not timely filed and FedEx is entitled to summary judgment.

Our review of the trial court's decision to either grant or deny a motion for summary judgment is a question of law, subject to *de novo* review, with no presumption of correctness in the trial court's decision. *Gossett*, 320 S.W.3d at 780; *see also Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010). "Generally speaking, a defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may establish an affirmative defense, such as the statute of limitations, that defeats the claim." *Allied Sound, Inc. v. Neely*, 909 S.W.2d 815, 820 (Tenn. Ct. App. 1995) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 n.5 (Tenn. 1993)). In this case, FedEx chose both avenues; it filed a motion for summary judgment both on the merits and on its affirmative defense based on the six-month contractual limitation in the Employment Agreement. Under either avenue, summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

---

[3]Mr. Skaan asserts in his appellate brief that "the [contractual] limitations argument is not before this Court for review" because FedEx had "declined to appeal [the] ruling." Mr. Skaan, however, misapprehends the rules of appellate procedure. Rule 13(a) of the Tennessee Rules of Appellate Procedure provides that the scope of the Court's review on appeal extends to "any question of law brought up for review and relief by any party," and that "[c]ross-appeals, separate appeals, and separate adjudications for permission to appeal are not required." Therefore, this issue was properly raised by FedEx, and it was fully addressed in FedEx's appellate brief. Accordingly, we will consider the issue in this opinion.

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03.

The summary judgment standard to be applied in this case is the standard announced in *Hannan v. Alltel Pub. Co.*, 270 S.W.3d 1 (Tenn. 2008). *See Gossett*, 320 S.W.3d at 781-83 (rejecting the *McDonnell-Douglas* framework at the summary judgment stage in discriminatory and retaliatory discharge cases and applying the standard in *Hannan*).[4] Under this standard, to be entitled to summary judgment, the movant employer must negate an essential element of the employee's claim or defense or show by undisputed evidence that the employee cannot prove an essential element of the claim or defense at trial. *Id.*; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83-84 (Tenn. 2008) (citing *Hannan*, 270 S.W.3d at 5); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd*, 847 S.W.2d at 215. If there are disputed facts, we must ascertain whether the facts in dispute are material to an essential element of the employee's claim or to an element of the affirmative defense upon which the employer seeks to rely. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A disputed fact presents a genuine issue if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

In determining whether the employer has established an affirmative defense at the summary judgment stage, we must view all of the evidence in favor of the employee and draw all reasonable inferences in favor of the employee. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). Summary judgment should be granted only when a reasonable person could reach but one conclusion based on the facts and the inferences drawn from those facts. *Id.*; *see also Gossett*, 320 S.W.3d at 784 (citing *Staples*, 15 S.W.3d at 89).

### ANALYSIS

### Retaliatory Motive for Termination

Mr. Skaan argues that the trial court erred in holding that he cannot establish an essential element of his retaliatory discharge claim at trial, that is, the element of retaliatory motive for the discharge. The trial court held that FedEx had met this standard by producing undisputed evidence that it did not terminate Mr. Skaan's employment until it received the

---

[4]The Tennessee General Assembly has enacted legislation providing for a different summary judgment standard than the standard set forth in both *Gossett* and *Hannan*, but the new statutes only apply to cases filed on or after June 10, 2011 and July 1, 2011, respectively. *See* Tenn. Code Ann. § 4-21-311(e), 50-1-304(g) (setting forth burden of proof in discrimination cases); Tenn. Code Ann. § 20-16-101 (setting forth a new summary judgment standard in other cases).

opinion of Mr. Skaan's treating physician that Mr. Skaan's December 2005 injury was related to his 2004 back injury. Based on this, the trial court found that Mr. Skaan cannot show at trial that FedEx had a retaliatory motive for discharging Mr. Skaan.

We note that the standard for summary judgment under the Tennessee Supreme Court's decision in **Gossett v Tractor Supply Co.** is high indeed. The **Gossett** Court's application of the standard under the facts of that case is instructive. In **Gossett,** the Court noted that the employer had produced undisputed evidence that the plaintiff, Mr. Gossett, was discharged as part of the company's reduction in workforce. **Gossett,** 320 S.W.3d at 782-83. The Court stated that this evidence showed only that the reduction in workforce was "one reason" for the plaintiff's discharge. It explained that, in the context of a summary judgment motion on a claim of retaliatory discharge, the employer is in effect required to prove a negative, that is, to "show an absence of retaliatory motive" by undisputed evidence. **Id.** at 783. Thus, even if the employer's evidence on the stated reason for the discharge were taken as true and the plaintiff has no evidence to rebut it, the Court stated, for summary judgment purposes, there would remain a disputed issue of fact as to whether the retaliatory motive alleged by the plaintiff employee was a substantial factor in the decision to terminate the plaintiff's employment.[5] **Id.**

In the case at bar, the trial court noted that, prior to terminating Mr. Skaan's employment, FedEx knew that Mr. Skaan was of the opinion that the second back injury was unrelated to the first. Other than that, the trial court reasoned, Mr. Skaan had produced no evidence of improper motive. Because it was undisputed that FedEx did not proceed with the termination until it received confirmation that Mr. Skaan's treating physician believed that his December 2005 back problems were related to the 2004 back injury, the trial court reasoned, FedEx had "successfully negated an essential element of Plaintiff's case" by establishing by undisputed evidence that the "termination [of Mr. Skaan's employment] is not related to the filing of a workers' compensation claim."

---

[5]In **Gossett,** in response to concerns raised in the separate opinion filed by the minority, the majority opinion stated: "[O]ur holding does not exclude the possibility of summary judgment when an employer presents undisputed evidence that a legitimate reason was the exclusive motivation for discharging the employee. In such a case, the employer has demonstrated that the employee cannot show that a discriminatory or retaliatory reason was a substantial factor in the discharge decision and therefore has met its burden of production for summary judgment. Because no genuine issue of material fact exists on an essential element, either summary judgment or directed verdict may be granted." **Gossett,** 320 S.W.3d at 786. Respectfully, this assertion is difficult to square with the Court's application of its standard to Mr. Gossett, inasmuch as the Court stated that the employer had to do more than present undisputed evidence of its reason for discharge, it had to also prove the negative — the absence of a retaliatory motive — by undisputed evidence. **Id.** at 783. The majority in **Gossett** did not offer an example of how an employer might meet the standard it enunciated.

Respectfully, we must conclude that the evidence presented by FedEx on this prong of its summary judgment motion is not sufficient to meet the high standard set forth in *Gossett.* The *Gossett* Court explained that it is not sufficient for the employer to present undisputed evidence supporting its stated reason for terminating the plaintiff's employment. To obtain summary judgment on a claim of retaliatory discharge, the employer must also present undisputed evidence showing "an absence of retaliatory motive." *Id* at 783. FedEx has not done so. Therefore, respectfully, we must conclude that the trial court erred in granting summary judgment in favor of FedEx on this basis.

## Contractual Limitation Period

FedEx argues on appeal that the trial court erred in declining to grant its motion for summary judgment based on the six-month limitation period contained in the Employment Agreement signed by Mr. Skaan when he applied for the job with FedEx. The trial court decided that granting summary judgment on this basis would be inappropriate because "[t]here is conflicting testimony concerning whether [Mr. Skaan] could read and write English sufficiently at the time he signed the application," and "[g]enuine issues of fact exist as to whether he appreciated and understood the import of what he had signed." As indicated above, under our standard of review, we examine this issue *de novo* on the record, giving no deference to the trial court's decision.

On appeal, FedEx argues that the undisputed facts establish that the Employment Agreement required Mr. Skaan to file this lawsuit within six months after the termination of his employment. As the lawsuit was filed over eight months after his discharge, FedEx argues, the lawsuit must be deemed untimely filed unless Mr. Skaan can show that the six-month contractual limitation provision is unenforceable. Referring to the trial court's ruling, FedEx argues that the enforceability of the contractual six-month limitation period is unaffected by either Mr. Skaan's inability to read or write in English or his inability to appreciate the importance of the document, because it is well-settled that "one who enters into a written contract . . . is presumed to know the contents of the writing and is bound thereby." *DeFord v. Nat'l Life & Accident Ins. Co.*, 185 S.W.2d 617, 621 (Tenn. 1945). FedEx notes that Mr. Skaan "accepted, executed, and availed himself of the Employment Agreement," and argues that he is therefore bound by its terms. Parties to a contract are free to agree to a limitation period that is shorter than the limitation period provided for by statute, FedEx contends, and a six-month time limitation for bringing suit is neither unreasonable nor unconscionable. Consequently, FedEx insists, based on the undisputed facts, Mr. Skaan's lawsuit is untimely, and it is entitled to judgment as a matter of law.

Mr. Skaan's appellate brief did not include a substantive response to FedEx's argument on this issue.[6] Nevertheless, this Court exercised its discretion and permitted Mr. Skaan to make a substantive argument on the issue at oral argument. In oral argument, Mr. Skaan asserted that the six-month limitation provision in the Employment Agreement was unconscionable, so the trial court's denial of summary judgment on this basis should be upheld on appeal. Asked whether the "unconscionability" argument was raised in the first instance to the trial court below, Mr. Skaan asserted that it was argued orally at the trial court's hearing on FedEx's summary judgment motion. This Court invited Mr. Skaan to submit after oral argument any citations to the record demonstrating that the issue of unconscionability was raised to the trial court. In response to the Court's invitation, after oral argument, Mr. Skaan sent the Court a letter, but it cited only the trial court's written decision on the summary judgment motion, which did not allude to unconscionability, and the Employment Agreement itself. The letter included no citations to the record showing that Mr. Skaan argued to the trial court that the six-month contractual limitation period was unconscionable.

It is well settled that a party waives an issue on appeal that was not first raised in the trial court. *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). As the party asserting waiver, FedEx has the burden of showing that the issue was not raised to the trial court. *Id.* "Determining whether parties have waived their right to raise an issue on appeal should not exalt form over substance," and this Court "must carefully review the record to determine whether a party is actually raising an issue for the first time on appeal." *Id.*

As we have indicated, the appellate record does not include a transcript of the hearing on FedEx's motion for summary judgment.[7] Likewise, Mr. Skaan's written response to FedEx's motion for summary judgment is not included in the appellate record. We can surmise from the record, however, that Mr. Skaan filed such a written response. The appellate record contains FedEx's reply and supplemental reply to Mr. Skaan's response to FedEx's motion for summary judgment, in which FedEx summarizes the arguments apparently made in Mr. Skaan's response. In this summary, FedEx refers to Mr. Skaan's argument "that enforcement [of the six-month contractual limitation provision] is prohibited because the terms of the agreement are unconscionable." The FedEx reply refers to an affidavit, apparently filed by

---

[6]In his appellate brief, Mr. Skaan relied on the argument that FedEx is not permitted to challenge the trial court's denial of summary judgment based on the limitation period because it did not file a notice of appeal. As noted previously in this opinion, this argument is without merit. Mr. Skaan would have been permitted to include in his appellate brief an alternative argument on this issue, or to file a reply brief to address the issues raised on appeal by appellee FedEx. Rule 27(c) of the Tennessee Rules of Appellate Procedure permits the appellant to file such a reply brief. *See* Tenn. R. App. P. 27(c) ("The appellant may file a brief in reply to the brief of the appellee.").

[7]On December 12, 2011, Mr. Skaan filed a "Notice of No Transcript or Statement of Evidence."

Mr. Skaan, in which Mr. Skaan claims that he "could not read or write English at the time of the execution of this agreement," that he was "rushed through [the application] process," that he attempted to read the Employment Agreement but could not do so, and that "no one explained the documents to me." Once again, Mr. Skaan's affidavit is not included in the appellate record. We note that the FedEx reply also refers to deposition testimony given by Mr. Skaan that contrasts with Mr. Skaan's affidavit. In his deposition, Mr. Skaan testified that his cousin "who used to work for Federal Express" filled out the FedEx job application with him, and that Mr. Skaan read the Employment Agreement before he signed it. Mr. Skaan also admitted in his deposition that he signed the Employment Agreement on August 11, 2006, and had several weeks to review it before he was hired on September 2, 2006. The relevant portions of Mr. Skaan's deposition testimony are in the appellate record as attachments to FedEx's supplemental reply to Mr. Skaan's response to FedEx's summary judgment motion.

Thus, it appears from the record that Mr. Skaan argued to the trial court that the Employment Agreement, or portions of it, are unconscionable. Under these circumstances, Mr. Skaan is not precluded from arguing unconscionability on appeal based on a failure to raise the issue in the trial court below.

This, however, is not the only hurdle to this Court's consideration of Mr. Skaan's substantive argument on the six-month contractual limitation period. As noted above, Mr. Skaan's appellate brief filed in this appeal did not include a substantive argument on the enforceability of the six-month limitation period. This Court exercised its discretion to allow him to address the issue in oral argument, but reserved the issue of whether it would take his argument under consideration. On appeal, a party's failure to argue an issue in the body of its brief constitutes a waiver of that argument on appeal. *See Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (failure "to cite to any authority or to construct an argument regarding [a] position on appeal constitutes waiver of that issue"); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief constitutes a waiver of the issue."). Here, Mr. Skaan's appellate brief provides the Court with neither the legal nor the factual basis for his argument that the six-month limitation period in the Employment Agreement is unconscionable. "[I]t is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties." *Brooks v. Collinwood Church of God*, No. 846, 1989 WL 73232, at *1 (Tenn. Ct. App. July 6, 1989). Under these circumstances, we will consider the issue raised by FedEx on appeal based only on FedEx's arguments and on the appellate record.

The record reflects, and it is undisputed on appeal, that FedEx terminated Mr. Skaan's employment in February 2006, and that Mr. Skaan filed the instant lawsuit in October 2006, over eight months after the termination of his employment. This is well beyond the six-month limitation period set forth in the Employment Agreement executed by Mr. Skaan as part of his job application with FedEx. Thus, Mr. Skaan's lawsuit against FedEx arising out of the termination of his employment is untimely unless the record shows that the six-month limitation in the Employment Agreement is unenforceable.

The trial court below declined to grant summary judgment based on the contractual limitation period because it determined that genuine issues of material fact existed regarding whether Mr. Skaan could read or write in English and whether he could understand the importance of the agreement that he was signing. While this may be a disputed issue of fact, respectfully, it is not material to the enforceability of the contractual limitation period. It is well established in Tennessee that a person who signs a contract is presumed to understand the terms of the agreement that he has signed. In ***DeFord v. Nat'l Life & Accident Ins. Co.,*** the Court explained:

> "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission." ***Upton v. Tribilcock***, 91 U.S. 45, 50, 23 L.Ed. 203 [(1875)].
>
> . . .
> "A party's mere ignorance, occasioned by his limited intelligence and understanding of the language and of the contents of the contract which he voluntarily executes, is not, in the absence of fraud, a ground for avoiding it, although it is different from what he supposed. So, where a person cannot read the language in which a contract is written, it is ordinarily as much his duty to procure some person to read and explain it to him before he signs it as it would be to read it before he signed it if he were able so to do, and his failure to obtain a reading and an explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." [17 C.J.S., Contracts, § 13.9.] Many cases are cited.
>
> It is further said that the fact that a person is unable to read creates no presumption that he was ignorant of the contents of a contract signed by him.

***DeFord***, 185 S.W.2d at 621-22. This is a bedrock principle of Tennessee law: "Tennessee has strong public policy in favor of upholding contracts. Written contracts would be

worthless if the law allowed a party to enter into a contract and then seek to avoid performance because he or she did not read the agreement or know its contents." *Mathews Partners, LLC v. Lemme*, No. M2008-01036-COA-R3-CV, 2009 WL 3172134, at *7 (Tenn. Ct. App. Oct. 2, 2009) (citations omitted). Thus, "[a]bsent fraud or duress, the law generally holds parties responsible for what they sign." *Id.* The record contains no indication that Mr. Skaan alleged either fraud or duress in the signing of the Employment Agreement during his job application process.

Mr. Skaan argued to the trial court that there were disputed issues of fact that were material to his contention that the Employment Agreement is unconscionable. We disagree. "The question of whether a contract or provision thereof is unconscionable is a question of law" for the court to decide. *Taylor v. Butler*, 142 S.W.3d 277, 285 (Tenn. 2004). Generally, a contract is unconscionable "where the 'inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.'" *Taylor*, 142 S.W.3d at 285 (quoting *Haun v. King*, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984) (quoting *In re Friedman*, 64 A.D.2d 70, 407 N.Y.S.2d 999 (1978))). Under the circumstances of this case, the fact that Mr. Skaan lacked skills in English is not material to the issue of unconscionability. The Employment Agreement was signed by Mr. Skaan as part of his application to FedEx; simply put, it was part of the terms on which FedEx would consider hiring him. Mr. Skaan agreed to the terms in order to be considered for a position at FedEx, and FedEx hired Mr. Skaan based on his execution of the Employment Agreement. Overall, we see nothing in these facts that are either oppressive or shocking.

Moreover, it is well established that a contractual provision setting a time limitation for bringing a legal action arising out of that contract is not inherently unconscionable. The United States Supreme Court has explained: "[A] provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947); *Harris v. Provident Life and Accident Ins. Co.*, No. E2007-00157-COA-R3-CV, 2008 WL 1901110, at *9 (Tenn. Ct. App. Apr. 30, 2008) (stating that "[p]arties are free . . . to contract for a *shorter* [limitation] period, unless a statute specifically forbids them from doing so").

FedEx cites several cases specifically holding that a contractual six-month time limitation for filing a lawsuit is reasonable. *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (holding that "[t]here is nothing inherently unreasonable about a six-month limitations period"); *see Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th

Cir. 2004) (same); ***AMOCO Canada Petroleum Co. v. Lakehead Pipe Line Co.***, 618 F.2d 504, 506 (8th Cir. 1980) (stating that "courts almost invariably uphold contractual limitation periods of six months or more").  Indeed, this Court has held that a contractual limitation period of less than six months is enforceable.  ***See Morgan v. Town of Tellico Plains***, No. E2001-02733-COA-R3-CV, 2002 WL 31429084, at *5 (Tenn. Ct. App. Oct. 30, 2002) (upholding a 60-day contractual limitation period).

Thus, the only conclusion that may be reached from the undisputed facts in the record is that the six-month time limitation in the Employment Agreement is enforceable.  FedEx has established an affirmative defense by undisputed facts, meeting the high standard for summary judgment set forth in ***Gossett.***  We must agree with FedEx that Mr. Skaan's lawsuit was untimely, and that the trial court erred in declining to grant summary judgment in favor of FedEx on that basis.

We may affirm the trial court's grant of summary judgment on a different basis than the basis upon which the trial court relied.  ***See Hill v. Lamberth***, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001).  We affirm the grant of summary judgment in favor of FedEx on the basis of the six-month contractual time limitation in the Employment Agreement, holding that Mr. Skaan's lawsuit is time-barred.

## CONCLUSION

The decision of the trial court is reversed in part, and the judgment in favor of Appellee FedEx is affirmed.  Costs on appeal are taxed to Appellant Karim Skaan and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE