# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 22, 2014 Session

## ALVIN EVANS v. FEDEX EXPRESS

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-12-1385-3      Kenny W. Armstrong, Chancellor

### No. W2013-01717-COA-R3-CV - Filed January 29, 2014

Plaintiff filed an action against his employer alleging discrimination in violation of the Tennessee Human Rights Act. The trial court awarded summary judgment to Defendant employer on the basis that the action was barred by the contractual limitations period contained in the employment agreement executed by the parties. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Travis Edgar Davison, III, Memphis, Tennessee, for the appellant, Alvin Evans.

Terrence O'Neal Reed, Memphis, Tennessee, for the appellee, FedEx Express.

### MEMORANDUM OPINION[1]

This action arises from a complaint alleging employment discrimination in violation of the Tennessee Human Rights Act ("THRA") filed by Alvin Evans (Mr. Evans) against FedEx Express ("FedEx") in the Chancery Court for Shelby County on September 4, 2012. In his complaint, Mr.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.)

Evans alleged that he was an African-American employee of FedEx for more than 20 years and that he "was terminated for supposedly failing to report an incident with an aircraft." He further alleged that he was more than 40 years of age and that he was terminated so that FedEx could employ a person younger than 40 years of age. Mr. Evans alleged that Fed Ex intentionally and deliberately discriminated against him due to his age and asserted a claim of age discrimination in violation of the THRA. He also alleged that FedEx "intimidated [him] in response to his efforts to properly train an individual and counseling them on what they needed to improve on and such counseling being reported to management[,]" and asserted a claim of hostile work environment. Mr. Evans also asserted claims of retaliation in violation of Tennessee Code Annotated § 4-21-301 and race discrimination. He prayed for compensatory damages in an amount to be determined at trial, punitive damages, cost and attorneys fees, and injunctive relief.

FedEx answered in October 2012, generally denying any allegation of wrongdoing and averring that Mr. Evans was terminated for causing damage to a fuel hose nozzle by moving a fuel truck away from an aircraft before disconnecting the fuel hose and for failing to notify management of the incident. FedEx also asserted that it issued a termination letter to Mr. Evans on September 2, 2011, and that Mr. Evans was notified that he was terminated before that date. FedEx asserted 14 affirmative defenses, including the statute of limitations applicable to the THRA,[2] and the contractual limitations period contained in the employment agreement executed by the parties. Mr. Evans filed his response to FedEx's first set of requests for admissions on January 3, 2013, and on January 22 FedEx moved for summary judgment on the basis of the contractual limitations period contained in the employment agreement that Mr. Evans undisputedly signed in 1994. Following a hearing on April 10, 2013, the trial court awarded summary judgment to FedEx by order entered May 15, 2013. Mr. Evans filed a timely notice of appeal to this Court.

### Issue Presented

The only issue presented for our review is whether the trial court erred by awarding summary judgment to FedEx on the basis that Mr. Evans' action was barred by the six-month contractual limitations period.

### Standard of Review

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo,* with no presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

---

[2]Tennessee Code Annotated § 4-21-311(d) provides: A civil cause of action under this section shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases, and any such action shall supersede any complaint or hearing before the commission concerning the same alleged violations, and any such administrative action shall be closed upon such filing).

*Discussion*

The employment agreement executed by the parties contains the following provision:

> To the extent the law allows an employee to bring legal action against Federal
> Express, I agree to bring that complaint within the time prescribed by law or 6
> months from the date of the event forming the basis of my lawsuit, whichever
> expires first.

It is undisputed that Mr. Evans did not bring his action within the proscribed six-month period. In his brief to this Court, however, Mr. Evans asserts that the contractual limitations period is unenforceable where it is overly broad and constitutes an unknowing waiver of his statutory rights under the THRA; because it is against public policy where it abridges the one-year limitations period contained in the THRA; because it is unconscionable as a contract of adhesion; and where "the employment agreement that [he] signed is in tiny print and full of jargon and legalese." FedEx, on the other hand, asserts that Mr. Evans did not argue that the contract provision is overly broad or ambiguous in the trial court, and that he cannot raise it for the first time on appeal. FedEx also asserts that Mr. Evans' did not allege that he did not understand the provision or that he was compelled to sign it until after FedEx filed its motion for summary judgment, and that Mr. Evans' discovery responses contradict these assertions. It asserts the provision is not unconscionable, and that it is valid and enforceable. Mr. Evans did not file a reply brief in this Court.

Upon review of the record, we observe that, in his memorandum in response to FedEx's motion for summary judgment, Mr. Evans asserted,

> Fed Ex will not deny that the employment agreement was a form and that Evans had
> to either accept it or be denied the job opportunity at FedEx. FedEx is a very large
> corporation and Mr. Evans was a lower level employee, without the assistance of an
> attorney at the time he signed the contract. Furthermore, the print pertaining to the
> statute of limitations is very small and well hidden in the contract. Evans had no
> choice but to sign the contract and did not understand that he was signing a right
> away at the time.

He also asserted that the contract provision was against public policy where it "prevented [him] from taking advantage of statutory rights provided for in the [THRA]." Mr. Evans' argument in the trial court, as we perceive it, is that the contractual limitations period is not enforceable because the contract is an unconscionable contract of adhesion; that it violates public policy where it decreases the limitations period contained in the THRA; and that it should not be enforced where Mr. Evans did not understand that he was "signing away" the right to file suit within one year under the THRA.

The limitations period contained in FedEx's employment agreement has been litigated previously, and Mr. Evans' arguments are not novel. In *Skaan v. Federal Express Corp.*, we recently held that the plaintiff's assertion that he did not understand the importance of the identical provision

-3-

contained in the plaintiff's employment agreement with FedEx did not preclude summary judgment in that case. *Skaan v. Federal Express Corp.*, No. W2011–01807–COA–R3–CV, 2012 WL 6212891, at \*8 (Tenn. Ct. App. Dec. 13, 2012). We noted that, although whether the plaintiff understood the provision constituted a disputed issue of fact, the issue was not material to whether the contractual limitations period was enforceable. *Id.* We stated in *Skaan*, "it is well established in Tennessee that a person who signs a contract is presumed to understand the terms of the agreement that he has signed[,]" and ignorance or a lack of understanding of the language or contents of a voluntarily executed contract will not, absent fraud or duress, excuse a party from its terms. *Id.* (citations omitted). We observed in *Skaan* that Tennessee's "'strong public policy in favor of upholding contracts'" is "a bedrock principle of Tennessee law[.]" *Id.* (quoting *Mathews Partners, LLC v. Lemme,* No. M2008–01036–COA–R3–CV, 2009 WL 3172134, at \*7 (Tenn. Ct. App. Oct. 2, 2009) (citations omitted)). We further observed, "'[w]ritten contracts would be worthless if the law allowed a party to enter into a contract and then seek to avoid performance because he or she did not read the agreement or know its contents.'" *Id.* (quoting *id.*)

We additionally held in *Skaan* that FedEx's six-month contractual limitations period is not unconscionable as a matter of law, and that the provision, "simply put, . . . was part of the terms on which FedEx would consider hiring [the plaintiff]." *Id.* at \*9. Mr. Evans, like the plaintiff in *Skaan*, "agreed to the terms in order to be considered for a position at FedEx, and FedEx hired [him] based on his execution of the Employment Agreement. Overall, we see nothing in these facts that are either oppressive or shocking." *Id.* As we stated in *Skaan*:

> Moreover, it is well established that a contractual provision setting a time limitation for bringing a legal action arising out of that contract is not inherently unconscionable. The United States Supreme Court has explained: "[A] provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers of Am. v. Wolfe,* 331 U.S. 586, 608 (1947); *Harris v. Provident Life and Accident Ins. Co.,* No. E2007–00157–COAR3–CV, 2008 WL 1901110, at \*9 (Tenn. Ct. App. Apr. 30, 2008) (stating that "[p]arties are free ... to contract for a *shorter* [limitation] period, unless a statute specifically forbids them from doing so").
>
> . . . Indeed, this Court has held that a contractual limitation period of less than six months is enforceable. *See Morgan v. Town of Tellico Plains,* No. E2001–02733–COA–R3–CV, 2002 WL 31429084, at \*5 (Tenn. Ct. App. Oct. 30, 2002) (upholding a 60–day contractual limitation period).

*Id.*

We next turn to Mr. Evans' assertions that the contract is one of adhesion and that he signed it under duress. A contract of adhesion is a standardized contract that is offered on a "take it or leave it" basis without a realistic opportunity to bargain and under circumstances such that the desired

-4-

product or services cannot be obtained absent acquiescence to the form contract. *Taylor v. Butler*, 142 S.W.3d 277, 286 (Tenn. 2004); Black's Law Dictionary 40 (6th ed. 1990). Whether a contract of adhesion is enforceable "generally depends upon whether the terms of the contract are beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable. Courts will not enforce adhesion contracts which are oppressive to the weaker party or which serve to limit the obligations and liability of the stronger party." *Id.* "Duress is defined as "'a condition of mind produced by the improper external pressure or influence that practically destroys the free agency of a party, and causes him to do and act or make a contract not of his own volition, but under such wrongful external pressure.'"" *Barnes v. Barnes*, 193 S.W.3d 495, 500 (Tenn. 2006) (quoting *Rainey v. Rainey,* 795 S.W.2d 139, 147 (Tenn. Ct. App.1990) (quoting *Simpson v. Harper,* 21 Tenn. App. 431, 111 S.W.2d 882, 886 (1937))).

Even if we assume that a position with FedEx is sufficiently unique so as to render the employment agreement a contract of adhesion, we previously have held that the contractual limitations provision contained in FedEx's standard employment agreement is neither unconscionable nor oppressive so as to render it unenforceable as a matter of law. *Skaan*, 2012 WL 6212891, at *9. Mr. Evans' assertion that he signed it under "duress," moreover, rests on the contention that, had he refused to sign the employment agreement, he would not have been employed by FedEx. Although there can be little doubt that FedEx was in a superior bargaining position in this case, Mr. Evans offers no evidence to suggest that FedEx exerted wrongful pressure on him such that he did not sign the employment agreement on his own volition. There is no dispute that Mr. Evans commenced this action beyond the applicable six-month contractual limitations period contained in the employment agreement. We accordingly affirm summary judgment in favor of FedEx.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Alvin Evans, and his surety, for which execution may issue in necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE